# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JACQUELINE KING-TOLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 2:21-cv-02131-SHM-tmp |
| v. ) | |
| ) | JURY DEMANDED |
| UT MEDICAL GROUP, INC. d/b/a ) | |
| UNIVERSITY CLINICAL HEALTH, ) | |
| ) | |
| Defendant. ) | |

## PARTIES' JOINT REPORT ON RULE 26(f) PLANNING CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Setting Letter (Doc. No. 12), the parties engaged in a Rule 26(f) planning conference on May 27, 2021, and agree to the following:

**A.  Initial Disclosures.**

The parties will exchange the information required by Fed R. Civ. P. 26(a)(1) by June 11, 2021.

**B.  Subjects on Which Discovery May Be Needed and When Discovery Should Be Completed.**

The parties anticipate that discovery will be needed on all matters raised in the Complaint and Answer. All discovery shall be commenced in time to be completed in accordance with the Scheduling Order entered in this civil action.

**C.  Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

1. *General.* If Electronically Stored Information ("ESI") is a subject of discovery, it should be requested with as much specificity/particularity as possible to minimize the required expense.

2. *Form of production.* Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (*e.g.*, searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Fed. R. Civ. P. 34(b)(2)(E)(iii), the parties need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (*e.g.*, when the original creation date of a document is an issue and disputed) or when a static images is not reasonably usable (*e.g.*, when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

3. *Search parameters/terms.* The parties agree that it is too early in the litigation to discuss the parameters of any search for potentially relevant ESI, but the parties agree to discuss search parameters, including keyword search terms and email custodians, and will confer to attempt to reach an agreement once written discovery is propounded that seeks ESI.

4. *Preservation of ESI.* The parties shall take reasonable steps to ensure that documents, ESI and other tangible objects that are subject to discovery are not destroyed, removed, mutilated, altered, concealed, deleted or otherwise disposed of. To that end, Defendant has issued a litigation hold directive.

Defendant shall take reasonable measures to confirm that its employees are complying with a litigation hold directive, but Defendant need not incur costs associated with making forensic copies ("mirroring") of hard drives. The parties need not take affirmative steps to copy or collect

ESI on personal digital assistants, instant message, or voicemail systems as part of its preservation efforts, absent a particularized showing that relevant information is (a) likely to exist on such system and (b) does not likely exist in another more easily available format (*e.g.*, as active data on a server through which data can be otherwise obtained).

By agreeing to preserve documents in accordance with the terms hereof, the parties do not otherwise waive any objection to the ultimate discoverability or admissibility of any such documents.

5.  *Reasonably Available Data.* The parties further agree that discovery will not be unduly burdensome and will not impose unduly expensive costs on either side, and that discovery will be limited to data reasonably available to the parties in the ordinary course of business.

**D.     Issues Related to Claims of Privilege.**

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Upon receipt of a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced.

The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that such an order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production as part of a discovery production under this protective order. The producing party shall retain copies of all returned documents and tangible items for further disposition.

**E.      Initial Case Management Deadlines and Deadlines for Conducting Discovery.**

The parties will submit the Standard Track Scheduling Order that contains these proposed deadlines, as required by the Setting Letter (Doc. No. 12).

**F.      Changes in the Limitations on Discovery Set by the Federal Rules of Civil Procedure.**

At this time, the parties do not believe any changes to existing discovery limitations are required.

**G.      Other Orders under Fed. R. Civ. P. 26(c) or 16(b) Protective Order under Fed. R. Civ. P.26(c).**

The parties agree to address the need for any such orders as the need arises and to make a good faith effort to resolve any such matters amicably before seeking Court intervention.

**H.      Estimated Length of Trial.**

The parties anticipate the trial will last approximately four (4) days.

Respectfully submitted,

 */s/ Tressa V. Johnson*
Kristy L. Bennett (#30016)
Tressa V. Johnson (#26401)
JOHNSON & BENNETT, PLLC
1331 Union Ave., Ste. 1226
Memphis, TN 38104
(901) 402-6830
(901) 462.8629 fax
kristy@myjbfirm.com
tressa@myjbfirm.com
*Attorneys for Plaintiff*

 */s/ Shayna A. Giles*
Whitney M. Dowdy (#24985)
Shayna A. Giles (#36023)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
(901) 577-2303 – Facsimile
wdowdy@bakerdonelson.com
sgiles@bakerdonelson.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF filing, this the 27th day of May 2021 to:

Whitney M. Dowdy (#24985)
Shayna A. Giles (#36023)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
*Attorneys for Defendant*

/s/ *Tressa V. Johnson*